Good morning. May it please the Court, graduate of hearing on behalf of Plaintiff Appellant Eaton Surgical Center. This appeal addresses disclosure under ERISA, assignments of ERISA rights and benefits, and the scope of plan anti-assignment provisions. The purpose of ERISA is to protect plan participants and create transparency between employer health care plans and their participants and beneficiaries. ERISA creates a duty to disclose plan and participants and beneficiaries to understand exactly where they stand with respect to their plans. Twenty-five years ago, medical provider standing was established by this Court in Missick. However, as noted by the District Court in these two cases, the Ninth Circuit has never specifically addressed the right to disclosure assignment to medical providers. In the underlying actions, the District Court seems to have declared that disclosure claims may be assigned but can exist only in tandem with benefit claims. This makes no sense. No, wait a minute. What the District Court said was reading the words of this assignment. This assignment seems to limit the scope of the assignment to the administrative or legal process. It's slightly different. Okay. Well, our interpretation of it was, I guess, slightly different, but... Yeah, you want to... You take it as a broad statement, but the District Court was interpreting the particular language of this particular assignment. Okay. Well, then... Seems to me. Is the Court particularly interested in discussing the particular language of that assignment as opposed to the broader? I would think that that's what your claim turns on. Well, we can look at it from the narrow perspective of the District Court's interpretation of the particular assignment at issue. Our perspective was that there are three claims, and one is from a broader perspective of the application of Misick and Davidovitz II assignment in the Ninth Circuit and the District Court's take on that. The second was... Well, the District Court was in your favor all the way through until we got to the language, wasn't it? The District Court was in favor of disclosure being assignable in the Ninth Circuit. Sure. So that doesn't raise a legal issue. Okay. So then that would leave the single issue of the specific interpretation of the assignments. Okay. Well, I think that when we look at the assignments, we see a document that was drafted by doctors, not lawyers, and that's unfortunate. But I think that what we need to do is we need to look at this document on the whole as an integrated document. And in our opinion, the District Court took language from the second sentence and said, this language governs the rest of this document. And when you read the document as a whole, it specifically requests disclosure pursuant to the regulations. It specifically requests disclosure pursuant to 1132C, which is the disclosure provision. And it assigns under Misick all of the participants benefits, rights, and causes of action relating to any action necessary to collect on benefits. So I guess the only question is, is disclosure necessary to collect on benefits? Do we need to have information before we can have an assessment? I guess I was expecting to talk a little bit more about Dvidovitz and Misick. Well, you could talk about whatever you wanted. I was just giving you at least my suggestion that the District Court wasn't quite as broad in its ruling as you were supposing. Well, I think it cuts both ways. I think that the District Court seemed to be endorsing Dvidovitz and sort of passing on Misick, which we found troubling because Dvidovitz, in our opinion, said that anti-assignment provisions may be permissible. And in that situation, it was permissible for the purpose of barring an out-of-network dental provider from obtaining the benefits that an in-network dental provider was entitled to receive. And for that purpose, anti-assignment perhaps makes sense. Similarly, in Simon, the court said, you cannot assign benefits and rights to a third party as though they were a commodity or a stock. That makes perfect sense. But the District Court seemed to endorse the notion that anti-assignment would not apply or the anti-assignment would bar Eden from any benefits claim. And the only thing, the only reason that it didn't bar Eden from the disclosure claim was because the anti-assignment provision did not specifically say, and also disclosure. It said strictly benefits. So if that's the law and medical providers who provide the medical services can be so easily barred from the courthouse, then these health care plans are just going to go back home and write and disclosure in their anti-assignment provisions. And then medical providers who provide the medical services are going to be barred from the courthouse. And that's what we're concerned about in the big picture. In the more narrow focus, yes, we believe the District Court misinterpreted the assignment and that we should absolutely be permitted to go pursue disclosure. And we'd appreciate an order indicating that. If the Court doesn't have any questions, I might reserve my time for after these fine gentlemen. Thank you. Mr. McDonough. Greg Rogers on behalf of Rudolph Foods Company Health Plan. This case has been consolidated for argument with the B. Braun case. Mr. McDonough represents B. Braun. We respectfully submit that the judgment of the District Court should be affirmed. The principal reason we suggest it should be affirmed is based on this case from 2004 in Johnson v. Buckley, where this court stated that you have to have a colorable claim for benefits in order to bring a document disclosure claim. A colorable claim for benefits would be brought under 502A1B. A disclosure claim is brought under 502A1A. And this court in the Johnson v. Buckley case found that you need a colorable claim for benefits. And I think it's obviously why Judge Wilson in his decision on footnote 6 said, essentially I'm paraphrasing now, I don't understand why we're here on this document disclosure claim. It is evident that you have no right, given the anti-assignment provision, to get benefits. Why didn't the judge just decide it on that basis instead of sticking it in a footnote and then deciding it on some other grounds? I wish that he had, Your Honor. I think that he shouldn't. That's what we argued below. He said that the Ninth Circuit had not made a decision on that point. And I respectfully submit that if you look at the next-to-last page of the decision in Johnson v. Buckley, that's exactly what was proposed. Are you willing to concede, then, that the assignment does include an assignment of disclosure benefits? No. The judge was correct on that point. He didn't need to go over it. So you'll defend him on that basis? Absolutely. Okay. Absolutely. If you look at the assignment starts off, this assignment is effective under three circumstances. And this circumstance is not just now. That's just the appointment of representative. The assignment of rights is actually the third paragraph. Okay. And really, it's quite specific. My assignment also includes an assignment of rights to seek relief as a claimant. And then it tells us that that's an 1132C. How more explicit could the assignment have been? Well, again, if you look at the outset where it says this assignment is effective under three different circumstances, it's not one of those three circumstances. Right. But the whole purpose of the disclosure provision in ERISA is so that people can figure out what the plan says and what rights they have. It's in anticipation that once somebody gets to look at the rights and look at the plan, they can decide whether they've got a right for benefits. It's possible even surgical will take a look at the plan and decide that they haven't got a claim and stop it there, but they can't do that until they see the plan. As an underlying principle of law, I couldn't agree with you more. But that's why you get back to the first. They can get whatever documents they want. They have no right to sue Rudolph South Point. Okay. But that's a different basis than what the district court. Are you asking us to decide it on a different basis here? I'm asking you to decide it on the basis I just suggested, yes, Your Honor. That the non-assignment clause bars an ultimate suit for benefits, and therefore the disclosure is irrelevant. That is correct. Eden presented three issues for appeal, and whether the anti-assignability issue is an issue is not one of those three issues for appeal. On pages one and two of their brief, they identify the three issues for appeal, and they don't bring the Davidovitz question before this Court on those three issues. Anti-assignability has been a law of this circuit for 20 years, beginning with Davidovitz thereafter. Eden is asking this Court to upset a panel decision issued in Davidovitz, and again, in a number of other cases that we cited here. That's the touchstone question in this case. And I don't believe that they've, given that they didn't present that as an issue for review, I respectfully submit that they waived it. Even if they didn't waive it, the law on this circuit has been clear for 20 years. And it's, they keep on going back to the public policy, should, this Court should overrule Davidovitz, and, but Congress had a choice. 502 is very careful about who can bring suits, and different people can bring different suits under different provisions of 502a1a, a1b, a2, a3. It could have listed health care providers as someone who had standing to bring suit under a1a or a1b. It didn't. And that's what this Court decided, was discussing in Davidovitz. That Congress did not include health care providers as someone who has standing. And under Misik, this Court said as a matter of contract, that you can assign them. And then in Davidovitz it says, yes, they can be assigned. But a plan, given this is all a matter of contract, a plan can say that, that, that health care provider does not have a right to sue. And the very language at issue in the Rudolph case was decided by the Eleventh Circuit, and in a case I can't remember off the top of my head, the very language. And the Eleventh Circuit enforced it as, as, as a valid anti-assignment provision. So I, I don't believe this case presents anything particularly new. I respectfully disagree with you about whether Judge Wilson got it right on the assignment provision, whether or not Eden was assigned the right to go after documents. But it doesn't make any difference. They, you're right, that the whole idea behind disclosure is to know where you stand. But it didn't make any difference where Eden stood, because they couldn't sue us. And they didn't appeal that, and they didn't present that for review before you. And even if they had, it wouldn't make any difference. I will yield the balance of my time to Mr. McDonough. I concur with Mr. Rogers' presentation. In light of that and the court's questionings, excuse me, questioning, I have nothing further to add. If, if the court has any specific questions with respect to the factual record underlying the B. Braun case, I'd be happy to answer them. Otherwise, I want to make it consistent with the presentation of Mr. Rogers. Let's, let's, let's suppose that we, that we concluded in our own minds that, that Eden, that Eden Surgical can't sue for benefits because of the anti-assignment clause. 1132C provides a different cause of action for failure to disclose, including penalties of up to what is 100, I think $100 a day, for, for failure to disclose. Is it possible that Eden has a cause of action for failure to disclose, even if it doesn't have, because of the non-assignment provision, a, a cause of action for benefits? There's no authority for that proposition, and I believe the district court, Judge Wilson, indicated that he had seen no authority for that proposition. Okay. Well, there may not be any authority. Well, I'm, but, but we can read the statute, and the statute gives us a separate cause of action for disclosure. So why doesn't Eden have an, have an action for disclosure here, even if it might not have an action for benefits? Your Honor, they may. I would submit to you that they may have a distinct and separate cause of action with respect to the particular case. If we knew for sure that they didn't have a cause of action for benefits, is there any purpose for someone to have, to, to seek documents anyway? No, there's none. And to go back to what Mr. Rogers articulated, because they don't have standing for the benefits claim, they certainly, there is no right necessarily for them to obtain documents. There's no basis for them to do it. They can obtain documents. They can pursue that, but it means nothing in the grand scheme of things if they don't necessarily then, after that, have a right for, to seek the benefits claim. Well, let's, let's suppose that this were a, let's suppose that this were a claim brought not by Eden Surgical, but by one of the people covered under the, under the plan. They would certainly have a right to have disclosure of the documents, right? No question, Your Honor. Even if they didn't intend to bring an action for any kind of benefits. In other words, if they said, look, I want to see what the plan says, and you said, no, we're not going to let you see what the plan says, and they said, well, I'm going to, I have a right to do so under 1132C. There's no question they would have a right. It does appear to be sort of a freestanding cause of action. That is, it does not, look, it appears that when Congress created the cause of action for disclosure, it didn't create a cause of action that depended on whether you intended to then sue for benefits. I have no reason to disagree with that. I think that's generally accurate, Your Honor. It is a distinct cause of action. If that's true, then why, and if that right to disclosure has been assigned to Eden Surgical, why can't Eden Surgical stand in the shoes of the covered parties and sue for disclosure of the documents, even if it may not have a cause of action for benefits? Without a right, Your Honor, ultimately to seek relief and seek entitlement to simply for documents is meaningless and it's irrelevant. Yes, to answer your question, a plan beneficiary may seek certain documents with respect to the administration of the plan. For example, the summary plan description. With respect to B. Braun, that information was made available on the Internet. It was made available to the individuals, and that information was presented to them. It was also provided to B. Braun. To answer your further question with respect to whether or not additional information would be provided, we did provide the administrative services agreement. But these are all factual questions that the district court didn't answer as to whether you fully complied with your obligation to disclose documents. I understand you have disclosed some documents. But that is, there's a dispute between the two parties as to whether you disclosed all of the documents you're required to disclose. That's correct. Okay. So that question really isn't before us. It's a factual question. We're really not capable of deciding on this record. Okay. But back to your point, I can't deny at this juncture that a separate cause of action would be allowable to, for example, a plan beneficiary. And if that right then were assigned to Eden Surgical, it's possible then that they might have an action, even if, like the beneficiary, they really had no intention of bringing a suit for benefits. If they had an appropriate assignment, which they don't have here, and Judge Rogers is crystal clear that this assignment does not cover that specific scenario that you've outlined, Your Honor. Okay. You agree with Mr. Rogers that it doesn't, that the assignment doesn't cover that? Yes, I do. Even though it says, even though it specifically invokes 1132C and says you also assigned these rights to us? I concur wholeheartedly with Mr. Rogers' presentation on that issue. Okay. With that, I'll rest. Thank you. We do have three minutes left. I turn it back to Mr. Rogers. Okay. Judge Bidey, to your point about can an individual sue just to get documents, is a participant or beneficiary outstanding to sue? And yes, they may, even if they do not intend to bring a claim for benefits thereafter. But now we go to the issue of the assignment. And this Court said in assignment that you can't assign a claim to someone who's trading these claims like a stock or commodity. It would not go that far in allowing that assignment. And that's what's going on here. The health care provider is suing to what end? A participant has a reason, perhaps, to be able to get planned documents. Well, Congress has said a participant has a right to get planned documents, to understand how the plan is run. But now we have a health care provider doing nothing other than suing for the benefits. And he can't do anything with them thereafter. It's akin to the situation at hand. That's an interesting question. It's certainly one I intend to ask Mr. Jewett as to what he would do with these documents if he doesn't have a right to sue for benefits. But it's possible that it might have to relate to the way that he will interact with these companies in the future, even though he's known that they've got a non-assignment provision. And after our decisions in Misick and Davidovitz, you've sort of got no reason not to put a non-assignment clause in all of your documents. It's a great defense against these things. But if you've got the non-assignment provision, it might be useful information to a group of doctors to know what they think is covered under your plan. To what end? They're not going to be able to sue us. No, but they may know whether they'll be willing to treat people in the future if they're going to have these kinds of problems. It seems like more information to them might be useful to them. And they may be the better judge as to whether this is useful for them to keep big, huge, thick plans, voluminous plans lying around their office or not. Well, again, I would respectfully submit that to the extent we're talking about assignment, I think that the line that the court drew in assignment is an appropriate line to draw here. Thank you. If there are no further questions, thank you. Thank you, Your Honor. If I may just make a couple of statements first, responding to the discussion with opposing counsel. The question that the court has raised in several variations is, is there some purpose to providing these documents to the medical provider even if under an anti-assignment provision they don't have a right to benefits? And one answer that the court touched upon is correct, which is that it's useful to the doctors to understand how the plans are going to be paid. If my client knew that its procedure was going to be denied as medically not necessary and had the information to understand why, then they might decide not to treat those patients in the future, and they might not incur $150,000 in losses. Couldn't even surgical just go to the punitive patients and just say, before we provide this treatment, which your company may or may not cover, we've made phone calls to them and they've indicated they'll cover it, but we've had trouble with these folks covering our expenses in the past. We want to see a copy of your plan. You can go to your company and ask for a copy of the plan. We'd like to see it before we treat you. They could do that, but that process would be facilitated by having received this information in the past from the plans. Although, because plans change in their addenda and things like that, it seems like every time you treated somebody, you would still want to know that you had up-to-date information. I think that's correct. You would need an updated version. But I think there's a better reason for why this should stand as an independent claim, and that reason is, regardless of whether or not the medical providers can proceed on benefit claims, they can understand the information and advise their clients as to their rights as plan participants and beneficiaries. Maybe Eden cannot sue Braun or Rudolph based on these adverse benefit determinations, but they can advise their plan participants, hey, you have rights here. This is what this medical analysis really means, because you might not understand this medical terminology, but we understand it, and we can tell you what your rights are. And now you have the opportunity to go vindicate your rights and go pursue your health care plan. To have standing, the plaintiff must allege injury, isn't that true, by the defendant? To have standing, the plaintiff must allege injury. Yes. What injury is suffered here if they cannot bring an action to recover the money? Well, it's an independent action for the disclosure of documents. What is the injury if there is a failure to disclose? The injury is the withholding of the information necessary to understand where they stand with regard to the plan, and potentially the discretionary statutory penalties that Congress assigned to punish recalcitrant plaintiffs. But if they can't sue to get the money, how are they injured?  I don't know. I don't have an answer for that, Your Honor. Yeah. It seems to me that it's a standalone claim, and being barred from the courthouse would be the injury. And then the inability to advise their clients or have full information in the future regarding similar claims. Assuming that they cannot pursue a claim for benefits, which obviously is a separate issue. If the Court has no further questions, I will defer to my colleagues. Okay. Thank you, counsel, all of you. The matter just argued will be submitted.
judges: Alarcon, Rymer, Bybee